IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PRESIDENTIAL CANDIDATE NUMBER P60005535, "also known as" (aka) RONALD SATISH EMRIT, and PRESIDENTIAL COMMITTEE/POLITICAL ACTION COMMITTEE/SEPARATE SEGREGATED FUND (SSF) NUMBER C00569897 d/b/a UNITED EMRITS OF AMERICA, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 125-126 |
| INTERNATIONAL COURT OF JUSTICE IN HAGUE, NETHERLANDS; UNITED NATIONS (UN); WORLD TRADE ORGANIZATION (WTO); COUNCIL ON FOREIGN RELATIONS (CFR); WORLD HEALTH ORGANIZATION (WHO); TRILATERAL COMMISSION; UNITED STATES EMBASSY OF POLAND; and EMBASSY OF POLAND IN THE UNITED STATES, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.  **Screening the Complaint**[1]

A.  **Background**

Plaintiff's complaint alleges he has tried to obtain a fiancé visa or gain political asylum in the United States for his Ukrainian fiancé, who was relocated by the Ukrainian military to Warsaw, Poland. (Doc. no. 1, p. 5.) Plaintiff's complaint also contains rambling and non-sensical descriptions of paranormal activity, purported connections between celebrities and individuals Plaintiff has met at various points in his life, movie plots, and unrelated litigation in various courts. (Id. at 5-8.)

Plaintiff seeks $500 billion in damages for Defendants' alleged "tortious interference with business relations and/or contracts," but provides no detail as to why the named Defendants should be liable for such claims. (Id. at 1-2, 9-10; see generally id.) He also states he "is trying to encourage Chief Judge Shelly Dick to transfer this case from the United States District Court of Middle Louisiana to International Court of Justice in Hague, Netherlands," and alternatively requests Chief Judge Shelly Dick issue declaratory judgments and injunctions against Defendants for unspecified wrongdoing. (Id. at 2.) Plaintiff also requests his fiancé be awarded a fiancé visa or political asylum, airfare to the United States, and housing, amongst other benefits. (Id. at 9-12.)

---

[1] Although filing a notice of appeal generally divests a district court of jurisdiction over the issues involved in an appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (per curiam) (citation omitted); see also 28 U.S.C. § 1291 (explaining courts of appeals have jurisdiction from all final decisions of district courts). Although Plaintiff has filed a Notice of Interlocutory Appeal, (doc. no. 5), there has been no prior order – final or otherwise – entered in this case for Plaintiff to appeal. Accordingly, because there is nothing for Plaintiff to appeal, his baseless and premature attempt to bypass this Court and "have the present case at bar sent to the Eleventh Circuit Court of Appeals" does not divest this Court of jurisdiction to screen Plaintiff's complaint. (See id. at 3.)

Plaintiff states he is a resident of Florida and Maryland. (Id. at 3.) He describes no actions or activities occurring in Georgia, let alone within the Southern District of Georgia. (See generally id.)

### B. Discussion

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555,

3

557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Frivolous and Malicious Complaint Should Be Dismissed

Plaintiff has a well-documented history of meritless and vexatious litigation, and as have numerous other courts, this Court "takes judicial notice of the fact that Plaintiff has filed hundreds of cases and appeals in the federal courts alone." Emrit v. Trump, Case No. 1:19-cv-18, 2019 WL 140107, at *2 (S.D. Ohio Jan. 9, 2019) (describing public records search revealing 333 cases and appeals filed across United States federal courts as of January 8, 2019), *adopted by*, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). By January of 2024, another court identified Plaintiff as a "'serial *pro se* filer' who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases." Emrit v. Progressive Ins. Co., Case No. 3:24-cv-13, 2024 WL 436385, at *2 (N.D. Fla. Jan. 11, 2024), *adopted by*, 2024 WL 420143 (N.D. Fla. Feb. 5, 2024), *appeal dismissed*, No. 24-10413-G, 2024 WL 3664060 (11th Cir. Mar. 4, 2024). Plaintiff has filed cases

> nationwide, from Maine to Hawaii; despite the fact that most or all of these complaints have been dismissed for improper venue or failure to state a claim, Plaintiff continues to abuse the *in forma pauperis* ("IFP") privilege by recycling the same patently frivolous allegations against various government agencies and officials in inscrutable pleadings that demonstratively clog the federal district courts with meritless litigation.

4

Emrit v. Bd. of Immigr. Appeals, Case No. 2:22-CV-00110, 2022 WL 4287659, at *1 & n.1 (S.D. W. Va. Mar. 31, 2022) (cataloguing Plaintiff's cases from across nation dismissed as meritless and frivolous), *adopted by* 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022).

This case is no different. Plaintiff's factual and legal claims – to the extent they can even be deciphered – "lack[] an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325, 327. When a claim is based on an indisputably meritless legal theory or relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, that claim is properly identified as frivolous. Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (*per curiam*) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). The fanciful allegations in Plaintiff's complaint rise to the level of irrational and wholly incredible, id., and the frivolous complaint fails to state a claim for relief that is plausible on its face. See Iqbal, 556 U.S. at 678; Denton, 504 U.S. at 32-33. It should be dismissed.

Even if the case were not subject to dismissal based on the frivolous allegations in Plaintiff's complaint, venue is not proper in the Southern District of Georgia. Under 28 U.S.C. § 1391(b), venue for a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the Southern District of Georgia is not the proper district under the terms of the venue statute. None of the defendants are located in Georgia, let alone the Southern District,

5

and nothing in the complaint gives any indication a substantial part of the events or omissions giving rise to the fanciful claims occurred in this District, particularly when Plaintiff identifies himself as a resident of Florida and Maryland and lists a home address in Sarasota, Florida, (doc. no. 1, pp. 3, 12). Moreover, Plaintiff himself asserts – though without any justification – a District Court in Louisiana is the proper location for this case. (Id. at 2.) Indeed, Plaintiff filed another, still-pending case using an identical complaint in the Middle District of Louisiana two months prior to the filing of the instant case in this District. Emrit v. Int'l Ct. of Just., Case No. 3:25-CV-295, doc. no. 1 (M.D. La. Apr. 7, 2025). A duplicative complaint is an abuse of the judicial process and properly dismissed as malicious. See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021). For the sake of completeness, the Court also notes Plaintiff purportedly brings this case on behalf of himself and a corporate entity. A corporate entity may not proceed *pro se* in federal court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985).

Moreover, the Court notes this is the second case in two months in this District in which Plaintiff has filed a duplicative complaint raising frivolous claims, attempted to proceed *pro se* on behalf of a corporate entity, and failed to establish any facts supporting a finding that venue is proper in this Court. See Emrit v. U.S. Pat. & Trademark Off., Case No. 1:25-CV-082 (S.D. Ga. May 7, 2025). This Court will not tolerate vexatious litigation and warns Plaintiff that if he continues to abuse filing in this District by submitting frivolous, malicious, or otherwise improper complaints, the Court will not hesitate to enact filing restrictions to protect against his demonstrated pattern of abuse of the judicial process. See Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) ("Federal courts have both the inherent

power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

## II. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of June, 2025, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA